IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MELANIE NICHOL,

        Plaintiff,

   v.

CITY OF SPRINGFIELD; GINO
GRIMALDI, in his individual and official
capacities; and RICHARD L. LEWIS, in
his individual and official capacities.

        Defendants.

Case No. 6:14-cv-01983-AA
OPINION AND ORDER

---

Michael Owens
Owens & McBreen, P.C.
319 SW Washington Street. Suite 614
Portland, OR 97204
       Attorney for plaintiff

Andrea D. Coit,
Jonathan M. Hood,
Harrang Long Gary Rudnick, PC
360 East 10th Avenue, Suite 300
Eugene, OR 97401
       Attorneys for defendants

Page 1 - OPINION AND ORDER

AIKEN, Judge:

## CASE SUMMARY

Plaintiff Melanie Nichol brings six claims against her former employer, defendant City of Springfield ("City"), and against defendants Springfield Police Chief Richard Lewis ("Chief Lewis") and Springfield City Manager Gino Grimaldi ("Grimaldi"). Plaintiff alleges (1) all defendants deprived her of her rights to equal protection and due process under the Fourteenth Amendment, her right to freedom of speech under the First Amendment, in violation of 42 U.S.C. § 1983; (2) all defendants violated her right to be free from sex discrimination under Title VII of the Civil Rights Act, in violation of 42 U.S.C. § 1983; and (3) the City unlawfully retaliated against her for reporting sexual harassment, in violation of 42 U.S.C. § 2000e-3. Plaintiff also asserts the following four state law claims against the City: (1) unlawful retaliation in violation of Or. Rev. Stat. § 659A.203; (2) unlawful retaliation in violation of Or. Rev. Stat. § 659A.199; (3) unlawful employment practices (retaliation for reporting sexual harassment) in violation of Or. Rev. Stat. § 659A.030(1)(f); and (4) common-law wrongful discharge.

Defendants move for summary judgment on all claims. For the reasons that follow, the Court grants summary judgment on the Title VII claim brought under 42 U.S.C. § 1983, the unlawful retaliation claim asserted under Or. Rev. Stat. § 659A.199. The Court also narrows plaintiff's wrongful discharge claim. The Court defers consideration of the rest of defendants' summary judgment motion and stays all proceedings in this case pending the decision of the Oregon state courts in a closely related administrative proceeding.

## BACKGROUND

Plaintiff was hired by the City in 2004 to work as a dispatcher for the Springfield Police

Page 2 - OPINION AND ORDER

Department ("SPD"). Compl. ¶ 7. Plaintiff's employment was terminated on June 5, 2013. Compl. ¶ 35. Plaintiff alleges she was fired because she reported the inappropriate behavior of several police officers. Compl. ¶ 42. Plaintiff alleges she met with City human resource employees at least twice between December 2011 and January 2012 to report a number of workplace incidents. Compl. ¶ 10.

The first incident occurred in July 2010. Plaintiff alleges that while she was working in the dispatch room, Detective George Crolly ("Crolly") entered and began yelling at one of plaintiff's co-workers. Compl. ¶ 8. Plaintiff further alleges Crolly was upset because the SWAT team had been called out, but Crolly, himself a member of the team, had not been notified. Plaintiff asserts she considered Crolly's behavior inappropriate and unprofessional because she and the other dispatchers were on active phone calls concerning the SWAT situation and other emergencies. Compl. ¶ 32.

The next incident occurred in December 2011. Plaintiff alleges Detective Jeff Martin ("Martin") confronted her in the dispatch room and subjected her to angry and insulting comments about a disagreement regarding the Springfield Police Association. Compl. ¶ 9, 11. At that point, plaintiff decided to contact human resources. She alleges her report included information about the following issues:

- • The incident with Crolly;

- • The incident with Martin;

- • An incident with Sergeant Dave Lewis ("Lewis") in which Lewis allegedly pulled plaintiff into his office and made "inappropriate, degrading, and hostile comments" including telling her, "Don't think you're not welcome back here. You're welcome back if you bake us some cookies." Compl. ¶ 11; and

- • Inappropriate on-duty sexual activities and relationships of a number of SPD employees, including plaintiff's concern employees could receive preferential treatment based on these relationships. Compl. ¶ 10.

Page 3 - OPINION AND ORDER

Plaintiff contends that after she reported these incidents to the City's human resource employees, a number of City and SPD employees subjected her performance to exceptional scrutiny above and beyond what was normal for other employees. Compl. ¶ 13. In March 2013, plaintiff alleges she reported concerns she had with the conduct of Officer Ethan Spencer ("Spencer"). Plaintiff reported Spencer sent a message from his patrol car to another dispatcher relaying the private, off-duty activities of plaintiff. Further, plaintiff reported on another occasion, Spencer sent a message through the Law Enforcement Data System ("LEDS") indicating that Spencer had observed the vehicle of a male former employee of City at plaintiff's home while plaintiff was off-duty. Compl. ¶ 15. Plaintiff alleges she was concerned for her safety because Spencer had been monitoring her personal off-duty activities, was showing an inordinate amount of interest in her personal life, and was using his access to the LEDS to run the license plates of vehicles parked at her home. Compl. ¶ 15, 16.

Sergeant Tom Rappe ("Rappe") met with plaintiff to discuss her allegations about Spencer. Compl. ¶ 22. When Rappe pressed plaintiff for the name of the dispatcher who had told her about Spencer's conduct on penalty of disciplinary action, plaintiff refused to answer any questions without a union representative present. Compl. ¶ 23. A union representative accompanied plaintiff to a second meeting with Rappe. In that second meeting, plaintiff alleges Rappe implied plaintiff's insistence on having a union representative present was evidence she was making false reports. Compl. ¶ 24.

Following this meeting, Chief Lewis opened an investigation into plaintiff's reports regarding employee misconduct. Compl. ¶ 25. In May 2013, Chief Lewis placed plaintiff on administrative leave due to allegations she "provided false or fictitious information" in her reports about Spencer.

Page 4 - OPINION AND ORDER

Compl. ¶ 26. About a week later, Chief Lewis informed plaintiff she was also under investigation for dishonesty in her December 2011 reports to human resources.   Compl. ¶ 27.

Rappe conducted the investigation and determined plaintiff had been dishonest on two occasions. Compl. ¶ 28. First, Rappe found plaintiff had made a false statement in connection with the report about Spencer. Compl. ¶¶ 28-29. Plaintiff had identified a fellow dispatcher, Linda Bevers ("Bevers"), as her source of information regarding the first Spencer incident, the message from the patrol car. Rappe confirmed Bevers was the source of that information. However, Rappe concluded plaintiff had falsely stated Bevers also was the person who told her about the second Spencer incident, regarding improper use of the LEDS. Second, Rappe found plaintiff had been dishonest about the timing of the Crolly incident. Compl. ¶¶ 30-31. Crolly admitted he had yelled at the dispatchers when he found out he had not been notified about the SWAT team deployment. However, Rappe concluded Crolly had entered the dispatch room between fifteen and thirty minutes after the dispatchers' call with the SWAT team ended, and that plaintiff had lied when she said the dispatchers were still on the phone at the time of the incident.

Chief Lewis adopted Rappe's findings and terminated plaintiff's employment on June 5, 2013. Compl. ¶ 35. Grimaldi ratified the termination in June 2013. Compl. ¶ 36.

In September 2014, the Department of Public Safety Standards and Training ("DPSST") initiated licensure revocation proceedings against plaintiff based on the City's allegations that plaintiff was dishonest. In April 2015, a contested case hearing before an administrative law judge ("ALJ") was held in which plaintiff was represented by counsel. In that hearing, as in this case, plaintiff argued she was fired in retaliation for reporting employee misconduct, while the City contended she was fired for dishonesty. The ALJ issued a Proposed Order finding plaintiff was *not*

terminated for dishonesty and recommending against termination of the license. After review, DPSST rejected the recommendation of the ALJ. Instead, DPSST issued a Final Order finding plaintiff more likely than not had been terminated for dishonesty and revoking her Basic, Intermediate and Advanced Telecommunicator certifications. Plaintiff's appeal of DPSST's Final Order to the Oregon Court of Appeals, filed in February 2016, is currently pending.

Plaintiff filed this lawsuit December 11, 2014. She contends she is entitled to compensatory damages for lost wages and employment benefits, as well as damages for pain, suffering, and emotional distress. Plaintiff also seeks punitive damages, costs, and attorney fees. Compl. ¶¶ 43, 46, 49, 54, 62, 65, 73. Defendants move for summary judgment on all claims.

## STANDARD OF REVIEW

A court "shall grant summary judgement if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party has the burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). In reviewing a motion for summary judgment, a court views the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986) (citation and quotation marks omitted).

## DISCUSSION

First, defendants argue DPSST's Final Order has preclusive effect on the issue of why plaintiff was terminated, and it bars all six of plaintiff's claims. Second, defendant's argue all six

claims are entitled to summary judgment because there is no genuine issue as to any material fact. I conclude plaintiff's § 1983 claim for violation of Title VII state law claim for unlawful retaliation in violation of Or. Rev. Stat. § 659A.199 fail as a matter of law. I further conclude plaintiff's wrongful discharge claim must be narrowed as a matter of law. Plaintiff's remaining claims must be stayed pending resolution of appeal of the telecommunicator certification revocation proceeding because the decision of the Oregon Court of Appeals in that case very likely would have a preclusive effect in this litigation.

I.    *Title VII / § 1983 Claim*

In part of plaintiff's first claim for relief, she asserts defendants violated 42 U.S.C. § 1983 when they discriminated against her on the basis of sex, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a).[1] Plaintiff cannot maintain this claim against Chief Lewis or Grimaldi because Title VII does not permit liability against individual supervisors, only against the employer. *See Craig v. M & O Agencies, Inc.,* 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause of action against supervisors or co-workers.") (citations omitted). Plaintiff argues she nonetheless can assert this claim against Chief Lewis and Grimaldi because she brings it through 42 U.S.C. § 1983. However, Title VII claims cannot be brought through section 1983. A plaintiff may not convert a federal statutory claim into a § 1983 claim where the statute provides an exclusive remedy for violations of its terms. *Pennhurst State Sch. & Hosp. v. Halderman,* 451 U.S. 1, 28 (1981). "When the remedial devices provided in a particular

---

[1]Plaintiff also asserts a standalone claim against the City under Title VII as well as a claim against the City pursuant to Or. Rev. Stat. § 659A030(1), the Oregon statute patterned after Title VII. Those claims are unaffected by the analysis in this section and are stayed pending the decision of the Oregon state courts in plaintiff's DPSST appeal.

Page 7 - OPINION AND ORDER

Act are sufficiently comprehensive, they may suffice to demonstrate Congressional intent to preclude the remedy of suit under § 1983." *Middlesex Cnty. Sewerage Auth. v. Nat'l Sea Clammers Ass'n,* 453 U.S. 1, 19 (1981). Plaintiff may not bring a Title VII claim through section 1983 because Title VII provides an exclusive remedy for violations of its terms. Plaintiff's section 1983 claim for violation of Title VII must be dismissed in its entirety.

II.    *State Whistleblower Claims*

Plaintiff brought claims under both Or. Rev. Stat. § 659A.203 and Or. Rev. Stat. § 659A.199 against the City. Section 659A.203 makes it an unlawful practice for a "any public employer" to "[p]rohibit any employee from disclosing, or take or threaten to take disciplinary action against an employee for the disclosure of any information that the employee reasonably believes is evidence of . . . a violation of any federal or state law . . . [,] [m]ismanagement[,] . . . or abuse of authority . . . [.]" Or. Rev. Stat. § 659A.203(1)(b)(A)-(B). In contrast, section 659A.199 does not specify whether it governs public or private employers. It provides that "an employer" may not "retaliate against an employee . . . for the reason that the employee has in good faith reported information that the employee believes is evidence of a violation of a state or federal law, rule or regulation." *Id.* § 659A.199(1).

Plaintiff argues section 659A.199 is applicable to both private and public employers because "employer" includes all types of employer, both public and private. Plaintiff submits this Court is bound by the plain text of the statute and contends that if the Oregon Legislature had intended it to cover only private sector workers, it would have said so. Defendants point out the statutes involve different standards, with section 659A.203 protecting whistleblowing regarding conduct the employee "reasonably" believes is illegal (an objective standard), and section 659A.199 protecting

Page 8 - OPINION AND ORDER

whistleblowing regarding conduct the employee in "good faith" believes is illegal (a subjective standard). *Compare id.* § 659A.203(1)(b) *with id.* § 659A.199(1).    Defendants contend applying both provisions to public employers would undermine legislative intent to have different standards apply in different employment contexts.    This Court recently addressed this precise question in depth, reviewing legislative history and recent Oregon state court decisions interpreting the provisions at issue. *See Minger v. Hood Community College District,* 2016 WL 475382, *6-7 (D. Or. Feb. 4, 2016).    The Court concluded that the Oregon Legislature did not intend section 659A.199 to apply to public employers, reasoning that "[i]t would . . . make little sense to subject a public employer to competing requirements by allowing a plaintiff to bring claims under both" provisions. *Id.* at *7.    I find the reasoning of *Minger* persuasive and conclude Or. Rev. Stat. § 659A.199 does not apply to public employers.    Defendants are entitled to summary judgment on this claim.

III.    *Wrongful Discharge Claim*

Plaintiff claims the City wrongfully terminated her employment for (1) pursuing her protected right to have a union representative present during an investigatory interview and (2) blowing the whistle on coworker misconduct.    Defendants assert the common law wrongful discharge claim is partially barred because there are adequate statutory remedies addressing the claims related to whistleblowing.    Defendants concede statutory remedies are inadequate with regard to the relationship between plaintiff's termination and her refusal to answer questions without a union representative present.

The tort of wrongful discharge is not intended to be a tort of general application; rather, it is meant to provide a remedy when the conduct in question is unacceptable and no other remedy is available. *Draper v. Astoria Sch. Dist. No. 1C,* 995 F.Supp. 1122, 1127 (D. Or. 1998) (citing *Walsh*

Page 9 - OPINION AND ORDER

*v. Consol. Freightways, Inc.,* 563 P.2d 1205, 1208 (1977)), *abrogated on other grounds by Rabkin v. Or. Health Scis. Univ.*, 350 F.3d 967, 972 (9th Cir. 2003). This court has concluded that section 659A.203's whistleblower protections provide an "adequate (if not better) remedy than a wrongful discharge claim." *Neighorn v. Quest Health Care*, 870 F. Supp. 2d 1069, 1106 (D. Or. 2012) (citation and quotation marks omitted). Because of these adequate statutory remedies, plaintiff cannot maintain a wrongful discharge claim for whistleblower retaliation. However, summary judgment is denied on the wrongful discharge claim insofar as it relates to plaintiffs refusal to answer questions without a union representative present.

IV.    *Preclusion and Remaining Claims*

Plaintiff's remaining claims share a common question: whether plaintiff was terminated for cause (dishonesty) or in retaliation for her reports about misconduct. That same question was at the heart of the administrative proceeding that resulted in a revocation of plaintiff's Basic, Intermediate and Advanced Telecommunicator certifications. Plaintiff's appeal of the certification revocation decision is pending before the Oregon Court of Appeals. It appears very likely that the Court of Appeals' determination of the reason for plaintiff's termination would have preclusive effect in this lawsuit. Accordingly, based on the principles set out in *Younger v. Harris*, 401 U.S. 37 (1971) and *Gilbertson v. Albright*, 381 F.3d 965 (9th Cir. 2004) (en banc), the Court must defer consideration of defendant's remaining summary judgment arguments.[2]

---

[2] At the Court's request, the parties submitted supplemental briefs on whether a *Younger/Gilberston* stay is appropriate. *See* Doc. 51. They agree such a stay is the correct course if the Court concludes preclusive effect is likely to attach the to the state courts' decision in the DPSST appeal.

## CONCLUSION

Defendant's Motion for Summary Judgment (doc. 35) is GRANTED in part as follows: defendant is entitled to summary judgment on the Title VII /§ 1983 claim (part of the first claim for relief) and the Or. Rev. Stat. § 659A.199 claim (fourth claim for relief), and plaintiff may proceed on the wrongful discharge claim (sixth claim for relief) only as it relates to her assertion of her right to have a union representative present during questioning. The Court STAYS all proceedings on plaintiff's remaining claims, including consideration of defendant's remaining arguments for summary judgment, pending the resolution of the DPSST appeal in the Oregon state courts.

IT IS SO ORDERED.

Dated this 27 day of June 2016.

_____
Ann Aiken
United States District Judge